Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,136-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

DAVID LEE STROZIER AND                    Plaintiffs-Appellants
MELISSA STROZIER

versus

TERRY ALLEN LOUX, EVELYN                  Defendants-Appellees
MELTON BREAK LOUX, UNITED
SERVICES AUTOMOBILE
ASSOCIATION, ALLIED WASTE
SERVICES AND PROGRESSIVE
SECURITY INSURANCE
COMPANY

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 155183

Honorable Jefferson Rowe Thompson, Judge

* * * * *

JACKSON LAW OFFICE                        Counsel for Appellants
By: Patrick R. Jackson
    J. Kyle McCotter

TERRY ALLEN LOUX                          In Proper Person,
                                          Appellee

LUNN, IRION, SALLEY, CARLISLE             Counsel for Appllees,
& GARDNER                                 Evelyn Melton Break Loux
By: Alexander J. Mijalis                  and United Services
                                          Automobile Association

McGLINCHEY STAFFORD, PLLC
By:  Larry Feldman, Jr.

WIENER, WEISS & MADISON
By:  Franklin H. Spruiell, Jr.

Counsel for Appellee,
Allied Waste Services

Counsel for Appellee,
Progressive Paloverde
Insurance Company

\* \* \* \* \*

Before WILLIAMS, MOORE, and STONE, JJ.

**WILLIAMS, C.J.**

The plaintiffs, David Lee Strozier and Melissa Strozier, appeal a district court judgment granting summary judgment in favor of the defendants, Terry Allen Loux, Evelyn Melton Break Loux, United Services Automobile Association and Allied Waste Services. For the following reasons, we affirm.

**FACTS**

On Saturday, April 8, 2017, the plaintiff, David Lee Strozier, was riding a motorcycle on Caplis Sligo Road in Bossier City, Louisiana, when he struck a trash can that was in the roadway. The trash can was utilized by the home owned by the defendants, Terry Allen Loux and Evelyn Melton Break Loux ("the Louxes"), and insured by the defendant, United Services Automobile Association ("USAA"). The trash can had been emptied the previous day by the defendant, Allied Waste Services ("Allied"). The plaintiff suffered multiple injures as a result of the collision.

The plaintiff and his wife, Melissa Strozier, filed a lawsuit against the Louxes, USAA and Allied.[1] The plaintiffs alleged that the Louxes "negligently creat[ed] a roadway hazard." More specifically, the plaintiffs asserted that the Louxes negligently failed to maintain their property adjacent to the roadway and failed to remove their trash can from the roadway. The plaintiffs further alleged that Allied "negligently performed [its] duties of garbage retrieval and created a roadway hazard and/or did not prevent the continuance of a roadway hazard while performing [its]

---

[1] Progressive Security Insurance Company ("Progressive"), the plaintiffs' uninsured/underinsured insurer, was also named as a defendant. Progressive filed a motion for summary judgment, arguing that the collision did not involve an uninsured/underinsured motorist. The district court granted the motion and Progressive was dismissed from the lawsuit. The plaintiffs did not appeal that judgment.

contracted duties." According to the plaintiffs, Allied failed to keep "hazardous property" outside of the roadway, failed to remove the trash can from the roadway and failed to safely perform its duties.

On November 15, 2018, the Louxes and USAA filed a motion for summary judgment. They argued, *inter alia*, that "while Ms. Loux may have had a duty to act reasonably to prevent her trash can from impeding the roadway, there is absolutely no evidence that she breached such duty."

On January 8, 2019, Allied moved for summary judgment arguing that the plaintiffs are "unable to prove any fact which would support any negligence on the part of Allied." Allied also argued that the plaintiffs were unable to prove that its conduct was the cause-in-fact or the legal cause of the injury. According to Allied, its employee emptied the trash can approximately 30 hours before the accident occurred, and removed it from the roadway. Allied further maintained that it had "no further control over the trash can" after its employee moved it from the roadway, and it "had no responsibility after it completed its work[.]"

Following a hearing, the district court granted both motions for summary judgment, stating as follows:

> It is not questioned that Strozier made contact with the trash can used to service the Loux residence. However, Plaintiffs have not produced any explanation as to how the trash can made its way into the roadway. Whoever placed the trash can in the roadway created a dangerous situation and would be answerable to Strozier. However, sworn testimony provided by Ms. Loux (homeowner), Mr. Buggs (Allied employee), Ms. Chandler (homeowner's friend who checked on the house/pets), and the Deput[ies] with the Bossier Parish Sheriff's Office who checked on the Loux home at the request of Loux who was out of town, clearly indicate that the trash can was not in the

2

roadway at any observed time after Ms. Loux left town and prior to the accident.

\*\*\*

Defendants have successfully pointed out the absence of factual support for the breach element to Plaintiffs' claim – that is, Defendants have provided evidence to establish that neither Ms. Loux nor Allied breached their duty by placing the trash can in the roadway or so close to the roadway as to create a hazard. How the trash can got into the roadway is unclear[;] however, there is no disputed material fact giving rise to the liability of Ms. Loux or Allied.

Under Article 966, the burden is now shifted to Plaintiff to produce factual support sufficient to establish the existence of a genuine issue of material fact. While it appears as though there is an unidentified third party who moved the trash can after both Allied and Ms. Loux ensured that the can was outside of the roadway, Plaintiffs have failed to provide any evidence or information regarding the identity of such an actor. Plaintiffs failed to produce any factual support sufficient to establish that any of the Defendants breached their duty. While Plaintiffs would clearly have a cause of action against this potential third party, those rights do not extend to Loux, USAA or Allied, and given the facts presented, summary judgment is proper as to both Motions.

\*\*\*

The trial court signed a judgment dismissing the plaintiffs' claims against the defendants.

The plaintiffs appeal.

## DISCUSSION

The plaintiffs contend the district court erred in granting the defendants' motions for summary judgment. The plaintiffs argue that genuine issues of material fact remain in dispute, and the district court improperly made a credibility determination when it considered the testimony of the witnesses.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is then shifted to the party opposing the motion to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

When a motion for summary judgment is made and supported as provided in La. C.C.P. art. 966, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B).

In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in favor of the nonmoving party. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So. 2d 764. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria

4

that govern the district court's determination of whether summary judgment is appropriate, *i.e.*, whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law.  *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So. 2d 880; *Price on Behalf of Price v. Minden Med. Ctr.*, 52,499 (La. App. 2 Cir. 2/27/19), 266 So. 3d 452.

Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.  La. C.C. art. 2315.  A negligence claim is subject to the duty-risk analysis.  Under the duty-risk analysis, the plaintiff must prove that (1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant breached that duty; (3) the defendant's conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's conduct was the legal cause of the plaintiff's injury; and (5) actual damages.  *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 2001-2217 (La. 4/3/02), 816 So. 2d 270; *Lewis v. Pine Belt Multipurpose Cmty. Action Acquisition Agency, Inc.*, 48,880 (La. App. 2 Cir. 5/7/14), 139 So. 3d 562, *writ denied*, 2014-0988 (La. 8/25/14), 147 So. 3d 1120, and *writ denied*, 2014-1190 (La. 8/25/14), 147 So. 3d 1121.

In support of their motion for summary judgment, the Louxes and USAA submitted the deposition testimony of multiple witnesses.  The plaintiff testified as follows:  the trash can was approximately two feet into the roadway when he struck it; he did not know who placed the trash can in the roadway; he did not know how long the trash can had been in the roadway; and he did not know whether a member of the Loux household placed the trash can in the roadway.

Evelyn Loux testified as follows:  she left her home on Friday, April 7, 2017, to attend a soccer tournament in New Orleans, and she did not

5

return home until Sunday, April 9, 2017; prior to leaving town, she noticed that her trash can had been emptied; she moved the trash can from the side of the road to a ditch on her property; the ditch was located between the roadway and her fence; she placed the trash can on its side in the ditch; she left home "about 11:00 [a.m.] or so"; Allied had left the trash can "in its normal spot, about three feet off the road"; and she did not place the trash can in or near the roadway.

Jamie Chandler testified as follows:  she could not recall whether she went to the Loux residence on the morning of April 7, 2017, but she "possibly could have" done so; she was certain that she went to the residence "around 5:00 [p.m.]" to put the Louxes' dogs inside the house; the Loux residence is located approximately "a half a mile" from the road; she did not notice the trash can as she was driving onto the property; she returned to the Loux residence Saturday morning at approximately 7:00 a.m. to feed the horses and to let the dogs outside; she did not notice the trash can; and she would have noticed the trash can if it had been on or near the "white line" on the side of the road.

Andrew Lunsford, a deputy with the Bossier Parish Sheriff's Department, testified as follows:  he went to the Loux residence at 3:37 p.m. on Friday, April 7, 2017, to perform a wellness check; he did not notice the trash can on or near the roadway; he would have moved the trash can had he noticed it in the roadway; and he would have removed the trash can from the roadway  because "[o]ur job is to make sure roadways are clear of sticks, any kind of debris.  If something falls out of a truck, we're supposed to clear the road off."

6

David McPherson, another deputy with the Bossier Parish Sheriff's Department, testified as follows: he conducted a "vacation check" of the Loux residence on Saturday, April 8, 2017, at 8:37 a.m.; while conducting a vacation check, he customarily performs a "full perimeter sweep on the outside of the house and attached properties like sheds"; he would have been required to move the trash can if he had seen it in the road "as a matter of public safety"; and he did not recall seeing a trash can in the roadway on the morning of April 8, 2017.

In support of its motion for summary judgment, Allied attached, *inter alia*, the deposition testimony of Jamarious Buggs, one of its drivers. Buggs testified as follows: he has been the driver on the same route for approximately two years; the trash cans on Caplis Sligo Road were emptied every Friday morning "between 7:30 and 9:00"; the "helper" would get off the truck, place the trash can on the "tipper" to empty it, remove it from the tipper, and pull it back to the curbside; on Caplis Sligo Road, the helper would pull the trash cans from the roadway to the other side of the "white line" because that road does not have a curbside; he has never worked as a helper; and he was not familiar with the policy regarding how far from the white line the trash cans were supposed to be placed after being emptied.

As noted above, the defendants presented evidence that an Allied employee emptied the trash can on the morning of April 7, 2017, and removed it from the roadway to the right of the "white line." The defendants also presented evidence that after the trash can was emptied, Evelyn Loux moved it from its location near the side of the road to the ditch on her property. Furthermore, the defendants presented evidence that the trash can was not in the roadway at 3:37 p.m. on April 7, 2017 (when Deputy

7

Lunsford performed a check of the Loux residence), at 5:00 p.m. on April 7, 2017 (when Chandler arrived at the Loux residence), at 7:00 a.m. on Saturday, April 8, 2017 (when Chandler returned to the Loux residence), or at 8:37 a.m. on April 8, 2017 (when Deputy McPherson performed a vacation check of the Loux residence).

It is undisputed that the trash can was in the roadway on Saturday April 8, 2017, at approximately 2:02 p.m., when the collision occurred. However, causation is an essential element of the plaintiffs' claim. The plaintiffs did not present any evidence to establish that the actions of either Loux or Allied caused the trash can to be in the roadway. The plaintiffs' mere allegations – that Evelyn Loux was not being truthful when she testified that she moved the trash can to the ditch and that Allied's employee may have left the trash can in or near the roadway – was not supported by the evidence and cannot provide the factual support necessary to show that the plaintiffs would be able to meet the burden of proving causation at a trial. Therefore, we find that the district court did not err in finding that the plaintiffs failed to present factual support sufficient to establish the existence of a genuine issue of material fact that they would be able to satisfy their burden of proving causation at trial. Consequently, we see no error in the district court's grant of summary judgment in favor of the defendants with regard to the plaintiffs' general negligence claim. This assignment lacks merit.

The plaintiffs also contend the district court erred in failing to consider that the defendants' actions constituted negligence per se. The plaintiffs argue that the defendants' actions violated Bossier Parish Code

8

§ 94-4(a), which prohibits "any obstruction to be placed upon highways or in the ditches or in spaces within the right-of-way of any public road of the parish." The plaintiffs maintain that Evelyn Loux admitted that she placed the trash can in the ditch, which constituted a clear violation of the ordinance. Further, according to the plaintiffs, Allied violated the ordinance *if* its employee "negligently placed the trash can in the road or within the right of way."

The violation of a statute or regulation does not automatically, in and of itself, impose civil liability. Civil responsibility is imposed only if the act in violation of the statute is the legal cause of damage to another. *Faucheaux v. Terrebonne Consol. Gov't*, 615 So. 2d 289 (La. 1993); *Jones v. Lawrence*, 41,486 (La. App. 2 Cir. 9/20/06), 940 So. 2d 34; *Hood v. Sartor*, 38,874 (La. App. 2 Cir. 9/22/04), 882 So. 2d 700.

In the instant case, the plaintiff testified that the trash can was in the *roadway* when he collided with it. Therefore, the evidence of record does not support the plaintiffs' contention that the accident and the resulting injuries were caused by Evelyn Loux's alleged violation of the ordinance, *i.e.*, placing the trash can in the *ditch*.

Further, as stated above, the plaintiff did not present any evidence to establish that Allied's employee placed the trash can in the roadway or caused it to be there. Therefore, the evidence presented in opposition to the motion for summary judgment does not establish that the actions of Allied's employee violated the parish ordinance or was the legal cause of the accident. As stated above, civil liability may be imposed if the violation of the ordinance is the legal cause of the plaintiff's injuries. Therefore, we find

that the district court did not err in failing to consider the plaintiffs'

arguments with regard to negligence per se.  This assignment lacks merit.

## CONCLUSION

For the reasons set forth herein, we find that the district court did not

err in granting summary judgment in favor of the defendants, Terry Allen

Loux, Evelyn Melton Break Loux, United Services Automobile Association

and Allied Waste Services.  Costs of this appeal are assessed to the

plaintiffs, David Lee Strozier and Melissa Strozier.

**AFFIRMED.**